UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: WHITNEY DESIGN, INC. | ) | |
| | ) | Case No. 09- 51928-705 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WHITNEY DESIGN, INC., | ) | |
| Movant, | ) | Response Due: January 19, 2010 |
| v. | ) | at 12:00 p.m. (CST) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE UNITED STATES OF AMERICA FOR A STAY PENDING APPEAL OF THE ORDER APPROVING DEBTOR'S TO MOTION FOR ORDERS (A) AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES SUBJECT TO HIGHER AND BETTER OFFERS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) ESTABLISHING SALE AND BIDDING PROCEDURES, AND (D) APPROVING <u>EXPENSE REIMBURSEMENT</u>**

The United States of America, on behalf of the Department of Commerce ("Commerce") and the Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), files this brief in support of its January 14, 2010 oral motion pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure for a stay pending appeal of the Court's order approving Debtor Whitney Design Inc.'s *Motion for Orders (A) Authorizing Sale of Assets Free and Clear of All Liens, Claims and Encumbrances Subject to Higher and Better Offers, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Establishing Sale and Bidding Procedures, and (D) Approving Expense Reimbursement* (Docket No. 31) (the "Sale Motion").

## BACKGROUND

1. On January 14, 2010, the Court conducted a hearing on the Sale Motion (the "Hearing") to which the United States had objected on various grounds (Docket No. 66) (the "U.S. Objection").

2. At the conclusion of the hearing, the Court ruled orally that it would approve the Sale Motion and grant the relief requested therein. The United States orally moved for a stay pending an appeal of the Court's order, and Debtor opposed. The Court then requested the parties to brief the issue of whether a stay pending appeal should be granted and set a deadline of January 19, 2009, at 12:00 p.m. (CST), for the filing of simultaneous briefs from the United States and Debtor. Pursuant to the Court's direction, the United States files this brief in support of its oral motion for a stay pending appeal.

3. In the absence of a stay, the Debtor and the proposed purchaser of its assets, Household Essentials, Inc, ("Household Essentials"), may close on the sale transaction described in the Sale Motion transferring all of the Debtors' assets to Household Essentials. Upon such a closing, some of the United States' substantive objections to the Sale Motion, i.e., issues it would raise on appeal, may become moot, 11 U.S.C. § 363(m), unless the United States obtains a stay pending appeal. The United States does not concede that such a closing would moot any appeal, but to preserve all of its substantive appeal rights and permit full consideration of all appeal issues, is seeking a stay.

ARGUMENT

4. Rule 8005 states that "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bank. P. 8005.

5. "When seeking a stay pending appeal, a party must show that: (1) he is likely to prevail on the merits of the appeal; (2) he will suffer irreparable injury if the stay is denied; (3) the other party will not be substantially harmed by the stay; and (4) the public interest will be served by the granting of the stay." *Community Fed. & Savs. Loan Assoc. v. Stratford Hotel Co.*, 120 B.R. 515, 516-17 (E.D. Mo. 1990). Those standards are the same as for the issuance of a preliminary injunction, *Dataphase Sys, Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981), and indeed, many courts rely on preliminary injunction standards in deciding or reviewing requests for stays pending appeal under Rule 8005. *See, e.g.*, *In re Alfaro*, 221 B.R. 927, 930 n.6 (B.A.P. 1st Cir. 1998); *In re Bankruptcy Appeal of Allegheny Health, Ed. & Research Foundation*, 252 B.R. 309, 321 (W.D. Pa. 1999); *In re Level Propane Gases, Inc.*, 304 B.R. 775, 777 (Bankr. N.D. Ohio 2004).

6. "The party seeking injunctive relief bears the burden of proving" the *Dataphase* factors, *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006); however, no single factor is determinative in the analysis, *Dataphase*, 640 F.2d at 113; *see also West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir.1986).

7. The *Dataphase* factors are satisfied here, and the Court should issue a stay pending appeal.

8. Absent a stay, the public interest in upholding and enforcing the trade antidumping statutes is lost. Debtor's liabilities for antidumping duties will be eliminated, and with them,

Congress' means of enforcing its intent to protect American industries, and jobs, from unfair trade practices such as the dumping of foreign goods. Congress has entrusted Commerce with administering the antidumping laws, a function which cannot be carried out effectively if antidumping duty liabilities cannot be enforced. *UST, Inc. v. United States*, 648 F. Supp. 1, 5 (Ct. Int'l Trade 1986). Hence, there is a significant public interest, as Congress has clearly expressed, in enforcing antidumping duties as a strictly remedial, not punitive or compensatory, action to offset the effect of dumping on affected American industries. *Chapparal Steel Corp. v. United States*, 901 F.2d 1097, 1103-04 (Fed. Cir. 1990).[1] Absent a stay here, that significant public interest is thwarted because the sale transaction would permit a company to avoid years of potential duty liability through a simple asset transfer to its insiders – a liability that it could not otherwise avoid without resort to a section 363 sale under the Bankruptcy Code.[2]

9. In the absence of a stay, the United States may suffer irreparable harm – the permanent loss of its statutory power to collect antidumping duties for goods subject to a valid antidumping order issued in accordance with federal law. *U.S. Objection* at 6-8. As noted above in paragraph 3., the parties to the sale transaction may close in the absence of a stay, thereby

---

[1] Congress' enactment of the Byrd Amendment, *Continued Dumping and Subsidy Offset Act of 2000*, 19 U.S.C. § 1675c (2000), requiring antidumping duties to be distributed to affected domestic producers for qualifying expenditures, did not alter the remedial nature of those duties. *Huaiyin Foreign Trade Corp. (30) v. United States*, 322 F.3d 1369, 1380 (Fed. Cir. 2003). In any event, Congress repealed the Byrd Amendment, *Deficit Reduction Act of 2005*, Pub. L. 109-171, 120 Stat. 4, 154, making it inapplicable to the entry of goods after October 1, 2007. *SKF USA, Inc. v. United States*, 556 F.3d 1337, 1342 n.4 (Fed. Cir. 2009).

[2] CBP acknowledges that it is holding approximately $1.3 million in deposits made by Debtor for antidumping duties, but as explained at the hearing on the Sale Motion, such deposits are only estimates of the Debtor's potential liability for antidumping duties. There is no assurance that those deposit will be sufficient to cover all of the Debtor's liabilities.

potentially mooting some of the substantive issues the United States would raise on appeal, 11 U.S.C. § 363(m), including but not limited to, whether it can collect from Household Essentials antidumping duties arising prior to a sale closing. As there is no adequate legal remedy for the permanent loss of this statutorily mandated power, irreparable harm is shown.

10. Moreover, the United State is likely to prevail on the merits. Under this prong of the *Dataphase* test, the United States need only show a fair chance of prevailing. *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) ("[W]e emphasize that district courts should still apply the familiar 'fair chance of prevailing' test where a preliminary injunction is sought to enjoin something other than government action based on presumptively reasoned democratic processes.").[3] At the hearing on the Sale Motion and in the U.S. Objection, the United States set forth a compelling case that there is, at a minimum, serious questions whether the Sale Motion requests relief that breaches, if not greatly exceeds, the Court's powers under the Bankruptcy Code to authorize sales free and clear of claims and interests. At bottom, it is undisputed that the Sale Motion seeks approval for a sale that:

    (a) transfers to Debtor's insiders everything of value in Debtor's estate;

    (b) garners the estate no cash consideration;

    (c) will result in the prompt dismissal of Debtors' case; and

    (d) is sought for the sole purpose of avoiding liability to a single creditor to benefit the Debtor's insiders and secured creditors.

---

[3] In *Planned Parenthood*, the Eight Circuit held further that where a party seeks to enjoin preliminarily the implementation of a duly enacted statute, district courts must make "a threshold finding that a party is *likely* to prevail on the merits." *Planned Parenthood*, 530 F.3d at 733 (emphasis added). That is not the case here.

The United States is unable to find, and Debtor has not cited, a single case authorizing a section 363 sale under similar facts.

11. Finally, Debtor will not suffer substantial harm if a stay issues. The proposed purchaser will not walk away from the transaction because Household Essentials is the Debtor. As shown at the hearing on the Sale Motion, the two companies share the exact same officers and directors. Moreover, although the Debtor's debtor-in-possession financing expires February 1, 2010, the parties can certainly agree to extend that self-imposed deadline, and the United States is amenable to requesting an expedited appeal process. A short extension of that financing eliminates the substantial harm issue. The alternative for Debtor's secured lenders is to foreclose on their collateral, which Debtor contended at the hearing on the Sale Motion is less than the amount of their claims. *See also Declaration of Brent A. Baxter in Support of Motion for Orders (A) Authorizing Sale of Assets Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Establishing Sale and Bidding Procedures and (D) Approving Expense Reimbursement* (Docket No. 70) at paras. 12-15. The parties driving this case can certainly avoid any harm to the Debtor during the pendency of an appeal.

CONCLUSION

For the foregoing reasons, the Court should grant a stay of any order it enters approving the Sale Motion.

This 19th[th] day of January 2010.

    Respectfully submitted,

    TONY WEST
    Assistant Attorney General

    RICHARD G. CALLAHAN
    United States Attorney

    Wesley Wedemeyer
    Assistant United States Attorney
    Thomas Eagleton U.S. Courthouse
    111 S. 10th Street, 20th Floor
    St. Louis, MO 63102
    (314) 539-3900
    (314) 539-2309 (f)

    //s// *Matthew J. Troy*
    J. CHRISTOPHER KOHN
    TRACY J. WHITAKER
    MATTHEW J. TROY
    Attorneys, Civil Division
    U.S. Department of Justice
    P.O. Box 875
    Ben Franklin Station
    Washington, D.C. 20044
    (202) 514-9038
    (202) 307-0494 (f)

    Attorneys for the United States of America

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January 2010 a copy of the foregoing motion was filed electronically with the Clerk of the Court, and served electronically upon participants in the Court's CM/ECF system, including:

Office of the United States Trustee
111 S. 10th Street, Suite 6353
St. Louis, MO 63102

David A. Warfield
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101

David A. Sosne
Summers Compton Wells PC
8909 Ladue Road
St. Louis, MO 63124

Marshall C. Turner
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

Gregory D. Willard
Bryan Cave
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750

John Talbot Sant
Armstrong Teasdale, LLP
One Metropolitan Square
Suite 2600
St. Louis, MO 63102-2740

*//s// Matthew J. Troy*
Matthew J. Troy
Attorney for the United States of America