**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) **Case No. 09-51928** |
| **WHITNEY DESIGN, INC.,** | ) **Chapter 11** |
| | ) **Honorable Charles E. Rendlen III** |
| Debtor. | ) |
| | ) **Hearing Date: March 9, 2011** |
| | ) **Hearing Time: 10:00 a.m.** |
| | ) **Hearing Location:** |
| | )   **Courtroom 7-South** |
| | )   **United States Bankruptcy Court** |
| | )   **Eastern District of Missouri** |

## MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE

**COMES NOW** Debtor Whitney Design, Inc. ("Debtor"), by and through counsel, and moves for an Order dismissing Debtor's bankruptcy case. In support thereof, Debtor states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 1112. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is present in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3.      On November 21, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Missouri (this "Court").

4.      On November 25, 2009, Debtor filed a motion to sell substantially all of its assets to Household Essentials, LLC ("Household Essentials"), subject to higher and better bids (the "Sale Motion").

5.      On December 4, 2009, this Court entered an Order establishing bidding and auction procedures for submitting competing bids for Debtor's assets and establishing objection deadlines and hearing dates for the Sale Motion.

6. By Order entered January 29, 2010 (the "Sale Order"), this Court granted the Sale Motion, and the sale of assets to Household Essentials closed that same day.

7. On February 11, 2010, the United States of America (the "United States") appealed the Sale Order to the United States District Court for the Eastern District of Missouri (the "District Court"). This appeal was dismissed by the District Court on January 11, 2011. The time for the United States to appeal the District Court's order of dismissal expired on February 10, 2011.

## RELIEF REQUESTED

8. Section 1112(b) of the Bankruptcy Code provides that, "on request of a party in interest . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, if the movant establishes cause."

9. Cause exists in this case to dismiss Debtor's bankruptcy case because the estate does not have any assets available for distribution to its creditors.

10. During the time in which the appeal was pending, Debtor sold its remaining inventory in the ordinary course of business and has ceased operations. As of January 31, 2011, the only tangible asset remaining in Debtor's bankruptcy estate was $6,822 in cash. See Debtor's Monthly Operating Report for January 2011 (Docket No. 126). This money will be used to pay the outstanding professional fees incurred by Debtor in concluding this bankruptcy case and to pay US Trustee fees and other court costs.

11. The only other assets remaining in Debtor's bankruptcy estate are avoidance actions under Chapter 5, subchapter III of the Bankruptcy Code and under any other state or federal law providing for recovery of consideration given, or reversal of any transfer by or for the benefit of Debtor (collectively, the "Avoidance Actions").

12. The only Avoidance Actions of which Debtor is aware are those under § 547 of the Bankruptcy Code for transfers made by Debtor to its creditors in the 90 days prior to the Petition Date (the "Preference Period")

13. Based on its analysis of the applicability of the ordinary course of business defense to the payments made by Debtor during the Preference Period, Debtor has determined that the costs of pursuing

these Avoidance Actions would likely outweigh the net recovery from such Avoidance Actions. This is because Debtor's analysis shows that a majority of the payments made by Debtor during the Preference Period were not made materially later or earlier than the payments made in the twelve months preceding the Preference Period.

14. As Debtor has determined that the Avoidance Actions are of inconsequential value to the estate and the only cash remaining the Debtor's estate is needed to wind up the case, there will be no distribution available to any of Debtor's creditors, either inside or outside of bankruptcy.

15. Cause exists to dismiss Debtor's bankruptcy case and dismissal is in the best interests of Debtor's bankruptcy estate and its creditors because no purpose would be served by Debtor remaining in bankruptcy. The order dismissing the Debtor's case should specifically provide that all orders, judgments, and decrees entered in connection with the Bankruptcy Court shall be unaffected by the dismissal of the case.

**WHEREFORE**, Debtor respectfully requests that this Court enter an Order dismissing Debtor's bankruptcy case and granting such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

THOMPSON COBURN LLP

By _____*/s/ David A. Warfield*_____
    David A. Warfield, #34288MO
    Allison E. Graves, #60748MO
    One US Bank Plaza
    St. Louis, Missouri 63101
    (314) 552-6015 (Phone)
    (314)-552-7015 (Fax)

Attorneys for Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and genuine copy of the foregoing was served electronically on this 13th day of February, 2011 on all parties receiving notice via the Court's CM/ECF notice list.

*/s/  David A. Warfield*