UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| WHITNEY DESIGN, INC., ) | |
| ) | |
| Debtor, ) | |
| _____ | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-441 (CEJ) |
| ) | |
| WHITNEY DESIGN, INC., ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM AND ORDER**

The United States of America[1] appeals the decision of the United States Bankruptcy Court for the Eastern District of Missouri.  Presently before the Court is the motion of appellee and debtor Whitney Design, Inc., to dismiss the appeal.  Whitney Design's motion is joined by Household Essentials, LLC, the purchaser of Whitney Design's assets.  Appellant opposes the motion and the issues are fully briefed.

I.   **Background**[2]

Debtor Whitney Design distributes household goods imported primarily from vendors in China.  Between 2004 and 2009, Whitney Design distributed Chinese-

---

[1]The U.S. Department of Commerce (Commerce Department) was a creditor in the case.

[2]The statement of facts is derived from the Bankruptcy Court's Memorandum Opinion in Support of Order Granting the Amended Motion to Sell.  *In re* Whitney Design, Inc., Case No. 09-51928-705, Order (Bankr. E.D. Mo. Jan. 29, 2010) [Bankr. Doc. #89].  Documents contained in the record of the Bankruptcy Court are designated "Bankr. Doc. #___."

manufactured ironing boards, on which the United States Customs and Border Protection (Customs) assessed estimated "anti-dumping" duties, pursuant to 19 U.S.C. § 1671e.[3] The estimated duties for the first two years, in the amount of $852,000, were liquidated during annual reviews.[4] In the third year, the estimated duty was set at 9.47%; however, the statutory maximum duty of 157.68% was imposed on Whitney Design after the Chinese manufacturer refused to cooperate with an audit. Thereafter, Whitney Design stopped importing the products, but not before it incurred obligations to pay duties for two more years. By the time it filed its petition in the Bankruptcy Court, Whitney Design had $1.3 million in anti-dumping duties on deposit with Customs.

On November 21, 2009, Whitney Design filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Whitney Design disclosed that its purpose in filing for bankruptcy was to obtain relief from its anti-dumping liabilities. On November 25, 2009, Whitney Design filed a motion to sell substantially all of its assets to Household Essentials, pursuant to 11 U.S.C. § 363. Household Essentials is owned by James Glenn and Mark Brown -- the principals of Whitney Design -- and was formed for the purposes of acquiring Whitney Design's assets. The Commerce Department objected to the sale. On January 14, 2010, the Bankruptcy Court held a hearing on Whitney

---

[3]"The terms 'dumped' and 'dumping' refer to the sale or likely sale of goods at less than fair value." 19 U.S.C. § 1677(34). Customs may assess an estimated duty ranging between 0% and 157.68% of the purchase price. The importer is required to deposit that amount with Customs before it may import the goods. Customs subsequently conducts a "Liquidation of Entry" to determine whether the original assessment reflects the actual duty due. Amounts on deposit may be returned or additional duties may be imposed as a result of this process.

[4]A competitor challenged the liquidations to the Court of International Trade. Those appeals remained pending at the time of the sale order.

Design's motion and the Commerce Department's objection.  At the conclusion of the hearing, the court orally granted the motion, stating that a written order would issue forthwith.  The Commerce Department made an oral motion to stay the order pending appeal of the written order.  On January 29, 2010, the Bankruptcy Court entered a written order granting Whitney Design's motion to sell.[5]  [Bankr. Docs. #88 and #89].  Also on January 29, 2010, the court entered an order denying the Department's oral motion for a stay.  [Bankr. Doc. #90].  Secured creditors Enterprise Bank and Eagle Fund I, L.P., assigned their rights to "credit bid" under § 363(k)[6] to Household Essentials, which in turn used the credit bids to purchase Whitney Design's assets.  See Debtor's Response to Objection [Bankr. Doc. #72 at 5-6].  Those assets included Whitney Design's interest in any refund of the $1.3 million duty deposits held by Customs.  [Bank. Doc. #89 at 12-13].

On February 11, 2010, the Commerce Department filed its notice of appeal, which states as follows:  "The United States of America appeals under 28 U.S.C. § 158(a) from the Bankruptcy Court's January 29, 2010 order entered January 29, 2010 (Docket No. 90)."  Document #90 is the Bankruptcy Court's order denying the Department's oral motion for a stay pending appeal.  On February 24, 2010, the

---

[5]On January 19, 2010, the court *sua sponte* reconsidered its ruling on one of the Department's objections and directed Whitney Design to file an amended motion to sell.  Several more minor revisions were made to the asset purchase agreement.  Id. [Bankr. Doc. #89 at 1-2].

[6]Section 363(k) provides:

> At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, . . . the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

Commerce Department filed a designation of items for inclusion in the record on appeal, listing 55 items, including Documents #88, #89, and #90.[7] The Commerce Department also filed a statement of issues to be presented on appeal, including whether the Bankruptcy Court erred in granting the motion to sell and authorizing the sale of the debtor's assets.

## II.    Discussion

Whitney Design argues that the appeal must be dismissed because the Commerce Department appealed only the order denying a stay pending appeal, not the order approving the sale of assets.  Whitney Design notes that the asset sale was completed, and argues that the Department's request for a stay of the sale is thus moot.  The Department counters that it intended to appeal the Bankruptcy Court's order granting Whitney Design's motion to sell and that any error it made in completing the Notice of Appeal is harmless.

Federal Rule of Appellate Procedure 3(c)(1)(B) provides that the notice of appeal must "designate the judgment, order, or part thereof being appealed."   Rule 3(c) "is more than a mere technicality," and failure to comply with it "may create a jurisdictional bar to an appeal."  USCOC of Greater Missouri v. City of Ferguson, Mo., 583 F.3d 1035, 1040 (8th Cir. 2009) (quoting ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 189 (8th Cir. 1995)).  The appellate court construes notices of appeal liberally, but has jurisdiction only "when the appellant's intent to challenge a particular order or judgment is apparent and the adverse party will suffer no prejudice if review is permitted."  Id. (citing Berdella v. Delo, 972 F.2d 204, 207 (8th

---

[7]Bankr. Doc. #88 is the Order Granting Amended Motion to Sell; Bankr. Doc. #99 is the Memorandum Opinion in support of #88; Bankr. Doc. #90 is the Order Denying Oral Motion to stay pending appeal.

-4-

Cir. 1992)).  The Department's statement of issues makes plain its intent to appeal the sale order, and Whitney Design does not identify any prejudice it will suffer if the appeal of that issue is allowed to proceed.  The motion to dismiss based on the improper notice of appeal will be denied.

Even with a valid notice of appeal, however, Whitney Design contends that the appeal should be dismissed as statutorily moot.  Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

Sales in bankruptcy cases are not subject to modification by an appellate court unless the appellant receives a stay pending appeal.  In re Paulson, 276 F.3d 389, 392 (8th Cir. 2002).  The purpose of § 363(m) is to protect the reasonable expectations of good faith third-party purchasers and safeguard the finality of a bankruptcy sale by preventing the overturning of a completed sale, absent a stay.  In re Trism, Inc., 328 F.3d 1003, 1006 (8th Cir. 2003).  By providing reliability and finality, § 363 enhances the value of the debtor's assets sold in bankruptcy.  Id.  The rule "also reflects the inability of courts to supply a remedy once property has left the bankruptcy estate." Id. (quoting In re Rodriguez, 258 F.3d 757, 759 (8th Cir. 2001)).  Section 363(m) limits the appealability of a § 363 sale order that has been consummated to the sole issue of the purchaser's good faith.  In re Motors Liquidation Co., 430 B.R. 65, 78 (S.D.N.Y. 2010); In re Burgess, 246 B.R. 352 (8th Cir. BAP 2000).

The Bankruptcy Court denied the Commerce Department's request for a stay and thus the only issue that may be considered in this appeal is whether Household

Essentials is a good faith purchaser. This is a mixed question of fact and law; the court reviews the bankruptcy court's findings of fact for clear error and applies a *de novo* standard to the bankruptcy court's legal conclusions. Id. at 355. A good faith purchaser is one who buys in good faith and for value. Id. at 356. Lack of good faith is shown by misconduct surrounding the sale. Id. "Typically, the requisite misconduct necessary to establish a lack of good faith involves 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" Id. (quoting *In re* Rock Indus. Mach. Corp., 572 F.2d 1195, 1198 (7th Cir. 1978)).

The Commerce Department did not allege that Whitney Design and Household Essentials engaged in misconduct, fraud or collusion, or attempted to take unfair advantage of bidders. The Department's bad-faith argument relies on the fact that the purchaser – Household Essentials – was formed by Whitney Design insiders for the purpose of avoiding the antidumping liabilities. Courts have not found that this circumstance constitutes bad faith. In Hower v. Molding Systems Engineering Corp., 445 F.3d 935, 939 (7th Cir. 2006), the Seventh Circuit rejected a good-faith challenge to the sale of assets to a corporation formed by the debtor's principals. "[T]he facts in this case could be interpreted as allowing the [principals] to shed undesired debt and repurchase core assets at a discount. But in order to encourage insolvent debtors to continue operating and generating revenue for the creditors, bankruptcy debtors are permitted to do exactly that, provided that the insider involvement is disclosed at the beginning of the proceedings." Id. See also *In re* Motors Liquidation Co., 430 B.R. at 78-79 (rejecting good-faith challenge to sale of General Motors § 363 sale). The

-6-

insider involvement in this case was properly disclosed and the Department has failed to establish that the Bankruptcy Court's good-faith finding was clearly erroneous.

The Commerce Department also contends that Household Essentials did not purchase Whitney Design's assets for value.  The Department does not dispute that Household Essentials "credit bid" the $5.8 million of secured debt that Whitney owed to its creditors Enterprise and Eagle.  This is a legitimate method for funding the purchase.  See In re General Motors Corp., 407 B.R. 463, 499 (Bkrtcy. S.D.N.Y. 2009) ("[T]he U.S. Treasury and EDC may, if they choose, assign their secured debt to the Purchaser, and there is then no reason why the Purchaser may not credit bid.")

The Commerce Department argues that, even with a finding that Household Essentials is a good-faith purchaser for value, § 363(m) does not block its challenge to specific aspects of the sale under § 363(e) and (f).[8]  The Bankruptcy Court in this matter rejected the Department's arguments under §363(e), in part, because it is an unsecured creditor.  Furthermore, the court found, to the extent that the Department had an interest in the property to be sold, the sale would not result in a calculable decrease in the value of its claims. [Bankr. Doc. #89, 18-19].  With respect to the Department's challenge under § 363(f), the "overwhelming weight of authority" holds that § 363(m) applies to the "free and clear" aspect of a sale under § 363(f).  In re Nashville Senior Living, LLC, 402 B.R. 222, 231 (6th Cir. BAP 2009) (listing cases); see also In re Polaroid Corp., 611 F.3d 438, 440 (8th Cir. 2010) (rejecting argument that § 363(m) does not apply to sales free and clear under § 363(f)).

---

[8]Section 363(e) authorizes a bankruptcy court to protect a secured creditor against a decline in the value of a secured property being used by the estate. Unsecured Creditors' Comm. v. Jones Truck Lines, Inc., 156 B.R. 608, 610 (W.D. Ark. 1992).  Section 363(f) authorizes the sale of property free and clear of interests in the property.

The Commerce Department did not obtain a stay of the sale of Whitney Design's assets to Household Essentials and the sale has been consummated. The appeal is thus statutorily moot under 11 U.S.C. § 363(m) and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of appellee Whitney Design, Inc., to dismiss [Doc. #3] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2011.